E-FILED
Thursday, 03 September, 2026 08:58:17 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 19-30058** |
| | ) | |
| **VICTOR AMAYA-ARREOLA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Victor Amaya-Arreola's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (d/e 234), in which he requests a reduction in sentence and immediate release, or such other relief as the Court deems just, pursuant to 18 U.S.C. Section 3582(c)(1)(A), as amended by the First Step Act of 2018. On February 23, 2026, the Government filed its Response to Defendant's Motion for Compassionate Release (d/e 236) under seal and provided a copy to Defendant Amaya-Arreola. On March 23 and April 27, 2026, Defendant Amaya-Arreola filed a Motion for a Copy of Government's Response (d/e 237 and 239). On both occasions, the Court ordered the Government to provide another copy of the

Response (d/e 236) to Defendant Amaya-Arreola at the BOP facility in Lompoc, CA. Ultimately, Defendant did receive a copy of Government's Response (d/e 236) of which Government filed a Status Report (d/e 241). On July 17, 2026, the Court through a Text Order (d/e 242) allowed Defendant Amaya-Arreola the opportunity to file a Reply to his Motion for Compassionate Release (d/e 234). On August 18, 2026, the Court received Defendant's Reply (d/e 243). Considering the sentencing factors in 18 U.S.C. Section 3553(a) and Section 1B1.13 in the sentencing guidelines, the Defendant has not shown that such a reduction is warranted. Therefore, the Defendant's Motion (d/e 234) is DENIED.

**BACKGROUND**

On October 7, 2019, a Complaint was filed against Defendant Victor Amaya-Arreola and an Initial Appearance was held. The Court ordered that the Defendant be detained and an Order of Detention was filed on October 10, 2019. On November 6, 2019, an Indictment was filed against the Defendant alleging under 21 U.S.C. Sections 841(a)(1), 841(b)(1)(A), and 846 that the Defendant and the Co-Defendant conspired and agreed with other persons, known and unknown, to distribute 50 grams or more of methamphetamine

(actual) and 500 grams or more of mixtures or substances containing a detectable amount of methamphetamine, a Schedule II controlled substance (d/e 13). An Arraignment was held on November 14, 2019.

The Defendant on several occasions requested reconsideration as to detention but was not successful. In addition, several continuances and reappointments of defense counsel were granted. On March 6, 2024, Defendant Amaya-Arreola made an open plea of guilty to the Indictment before U.S. Magistrate Judge Karen L. McNaught. See Minute Entry of March 6, 2024. U.S. Magistrate McNaught entered a Report and Recommendations on Plea of Guilty recommending that the Court accept the Defendant's plea of guilty. (d/e 201). On March 25, 2024, by Text Order, U.S. District Judge Sue E. Myerscough adopted the Report and Recommendations, accepted the open plea of guilty, and adjudged the Defendant guilty of the offense of the Indictment.

On September 20, 2024, the Sentencing Hearing was held and the Court ordered that the Defendant be committed to the custody of the BOP for a term of 120 months with credit for time served, imposed a 5 year term of Supervised Release, and a $100 special assessment.

A written Judgment was entered on September 24, 2024. See Judgment (d/e 230).

On February 6, 2026, the Defendant filed his pending pro se Motion for Compassionate Release (d/e 234). Defendant Amaya-Arreola is detained at FCI Lompoc in the custody of the Bureau of Prisons (BOP). The Defendant's Motion requests compassionate release due to: (A) Inadequate Access to Consistent Medical Care; (B) Inability to Receive Credit for Extraordinary Early Rehabilitation; (C) Manifest Disparity with Co-Defendant; (D) Extraordinary Rehabilitation and Zero Recidivism Risk; and (E) BOP's Refusal to Recommend Residential Reentry Center.

On February 9, 2026, the Court entered a Text Order directing the Government to file its response. As directed, on February 23, 2026, the Government filed a Response under seal (d/e 236) opposing the Defendant's Motion (d/e 234).

The Government argues this Court should deny the Defendant's Motion for Compassionate Release (d/e 234) but does concede that the Defendant has met the exhaustion requirement under Section 2582(c) and that the Court can address the merits. The Government argues that none of the Defendant's ailments, individually or

collectively, rise to the level of being extraordinary and compelling his compassionate release, with the Bureau of Prisons able to provide sufficient treatment, along with self-care by Defendant while he is incarcerated. The Government submitted exhibits in direct opposition to the Co-Defendant's term of incarceration and residential reentry. In addition, the Government argues that additional issues raised happened prior to the Defendant's sentencing, and thus, are not at issue during this time frame. The Government states that the Defendant's release is not proper under the factors detailed in Section 3553(a). In fact, the Government further argues that due to the Defendant's underlying convictions and danger to the community, early release is not warranted and continued incarceration is necessary.

## LEGAL STANDARD

A Court is generally statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act, codified at 18 U.S.C. Section 3582(c)(1)(A), allows an inmate to file a motion for compassionate release with the Court after exhausting certain administrative remedies. The statute provides:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). "Only after finding an extraordinary and compelling reason for release need the [Court], as part of 'exercising the discretion conferred by the compassionate release statute, . . . consider any applicable sentencing factors in § 3553(a).'" <u>United</u>

States v. Ugbah, 4 F.4th 595, 597 (7th Cir. 2021) (quoting United States v. Thacker, 4 F.4th 569, 576 (7th Cir. 2021)).

**ANALYSIS**

As an initial matter, the Government did concede that the Defendant has met the exhaustion requirement under Section 2582(c) and that the Court can address the merits. The Court concurs that the Defendant has met the exhaustion requirement.

The Court now proceeds on the merits of the Defendant's Motion for Compassionate Release (d/e 234)--specifically, whether the Defendant has presented extraordinary and compelling reasons warranting compassionate release and a reduction in sentence.

**A. Inadequate Access to Consistent Medical Care.**

The Defendant states in his Motion (d/e 234) that he has suffered from a severe foot infection and multiple COVID-19 infections, one of which was considered life-threatening. In addition, he currently suffers from diabetes, hypertension, and asthma. The Defendant also states that he spent nearly five years without outdoor access.

i. Current Health Issues.

The Court has reviewed Mr. Amaya-Arreola's medical records which were filed under seal. The span of medical records show consistent and maintained healthcare for Mr. Amaya-Arreola. While he does have health issues, they appear well controlled with the proper medication. In addition, counseling as to self-awareness and self-care have been provided to the Defendant. While there are no outstanding irregularities or concerns documented, the Court finds no reason why specialized treatment or specialist care would be warranted.

It appears the BOP facility has handled all of the Defendant's medical needs and safeguarded him. The Defendant has not shown any deterioration in his condition, which could be described as extraordinary or compelling sufficient to warrant a reduction of his sentence or early release.

ii. Prior Health Issue and COVID-19 Testing

The Court cannot consider the time period prior to the Defendant's transfer into BOP custody, as that time was and could have been discussed prior to his sentencing and transfer to BOP custody. While the pandemic was a stressful time for the entire

nation, new guidelines have been set up with vaccinations available, and preventive measures have been put into place. If the BOP has refused COVID-19 testing as the Defendant states in his motion, and the Defendant has not contracted COVID-19, then their preventive measures seem to be working as they should. As the issues raised here by the Defendant were addressed and appropriate action was taken, the Court will not consider this as compelling and extraordinary for a sentence reduction or compassionate release.

iii. Denial of Outdoor Access

While the Court can sympathize with Mr. Amaya-Arreola regarding outdoor access, his access is not denied now, and thus, is not an imminent factor to be considered as of the dates of the filing of the Motion (d/e 234), Response (d/e 236), and Reply (d/e 243). Therefore, the Court will not consider this as an extraordinary factor contributing to a sentence reduction or a compassionate release.

**B. Inability to Receive Credit for Extraordinary Early Rehabilitation.**

As referenced in the Defendant's Motion, the Court did state, "That's very impressive, Mr. Arreola," (d/e 233, Page 14 at Line 23), during his Sentencing Hearing held on September 20, 2024. And the

Court did consider the arguments of defense counsel and the allocution of the Defendant in reaching its decision as to the imposed sentence. The factor of his presentencing rehabilitation was considered and was, and still is, a benefit to Mr. Amaya-Arreola now.

As argued by the Government, the Defendant had ample opportunities to plead guilty at any time. The Court notes that all rights had been afforded him and he chose how he wished to proceed as knowing and voluntary. Consideration was given at his sentencing, and rehabilitation will benefit him throughout his lifetime. Mr. Amaya-Arreola was given the opportunities and took those opportunities to better himself pre-sentencing and post-sentencing. In addition, as shown, in Government's Exhibit F, FSA Time Credit Assessment, the Defendant has been given time credits under the First Step Act. The Defendant offers no other argument as to what credit he believes he has not received. There is documentation that he has received credit from BOP. The Court does commend him for this, however, no further reduction is warranted or early release considered.

**C. Manifest Disparity with Co-Defendant.**

According to the BOP's website, Mr. Amaya-Arreola's Co-Defendant, Carlos F. DeJesus', calculated release date is May 26, 2027. Victor Amaya-Arreola's calculated release date, according to the BOP's website, is August 1, 2027. The margin of difference is approximately 2 months. Therefore, the Court will not address the issue of sentencing disparity as it does not exist.

**D. Extraordinary Rehabilitation and Zero Recidivism Risk.**

The Court has addressed the issue of Mr. Amaya-Arreola's extraordinary rehabilitation previously within this Order. His rehabilitation has benefited him and will continue to benefit him. Yes, the Defendant while in the custody of the BOP has maintained extraordinary rehabilitation traits and is a great example of the "perfect" candidate to be integrated back into the public, but not at this time. While he has been a stellar inmate, the Defendant and the Court cannot forget his acts which were the cause of his incarceration. These factors were considered at Mr. Amaya-Arreola's sentencing hearing, and are not extraordinary and compelling reasons for a further reduction or compassionate release.

**E. BOP's Refusal to Recommend Residential Reentry Center.**

The Court understands the Defendant's situation of allegedly residing in this country illegally and the possibility of deportation. According to the Defendant's Motion for Compassionate Release (d/e 234) he has only known life in the United States. At this juncture, the Court cannot order the BOP to place the Defendant in a reentry center but can and will make a recommendation. Again, this is only a recommendation and not an order, as the BOP is the governing force as to the placement. From the Court's perspective, if the Defendant is facing deportation, a reentry program is not a viable alternative. However, the Court does not consider this issue as extraordinary and compelling for the Defendant's compassionate release or a reduction in his sentence.

Having considered the relevant factors set forth in 18 U.S.C. Section 3582(c)(1)(A), the Court concludes that the Defendant has not established that there are any extraordinary and compelling reasons to warrant a reduction in his term of imprisonment. To the extent the Defendant believes any of his treatment rises to the level of deliberate indifference, and, therefore, a constitutional violation,

42 U.S.C. Section 1983 allows an individual in custody a remedy for such actions.

The Court commends the Defendant for his accomplishments during his incarceration and encourages him to continue to enhance his education and workforce skills. While the Defendant is improving himself, this is not an entitlement but the choice that will go forward with him throughout this lifetime and will be beneficial upon his release from imprisonment. However, it does not warrant an early release.

Lastly, the Government argues that early release of the Defendant under Section 3553(a) is not warranted. (d/e 236). The Court agrees with and adopts the position of the Government.

As stated, the Court commends the Defendant as to his efforts and success at rehabilitation. However, the Defendant's underlying conviction was not a minor offense. The Defendant's conduct affected many people and our community. While COVID-19 is an epidemic that still exists in our community, so is the drug epidemic for countless people, and Mr. Amaya-Arreola contributed to this drug epidemic. The Defendant may be at a low risk of recidivism, however, now is not the time to test that theory. Remaining in the custody of

the BOP will only reinforce the Defendant's continued rehabilitation. The Court cannot allow his early release or any reduction of his sentence as he does not meet the statutory criteria.

After a review of the Defendant's Motion for Compassionate Release (d/e 234), the Government's Response (d/e 236), Defendant's Reply (d/e 243), parties' exhibits, and the Defendant's medical records, the Court finds that the Defendant has not demonstrated compelling or extraordinary reasons for release.

The Court, therefore, finds that a reduced sentence in this case, decreasing the Defendant's term of incarceration would not sufficiently "protect the public from further crimes of the defendant." See 18 U.S.C. § 3553(a). The Court also finds that a reduced sentence would not "promote respect for the law," or "provide just punishment for the offense." Id. In addition, a reduction would not provide adequate deterrence to criminal conduct of the Defendant.

**CONCLUSION**

For the reasons set forth above, Defendant Victor Amaya-Arreola's Motion for Compassionate Release (d/e 234) is DENIED. The Court does make a recommendation to the Bureau of Prisons for

Defendant's placement in a reentry program, if the same is permitted under the circumstances.

**IT IS SO ORDERED.**

**ENTERED: September 2, 2026**

**FOR THE COURT:**

s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**